UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN CIOTOLA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-753 |
| v. | : | (JUDGE MANNION) |
| STAR TRANSPORTATION & TRUCKING, LLC, And, | : | |
| QUATERBACK TRANSPORTATION, USA INC., And, | : | |
| BALL METAL BEVERAGE CONTAINER CORP. Defendants, | : | |
| And, | : | |
| OLDCASTLE, INC. LIBERTY MUTUAL CORPORATION, DEFENDANT/ INTERVENORS | : | |

## MEMORANDUM

Pending before the court in this case is Defendant/Intervenors', Oldcastle, Inc. Liberty Mutual Corporation ("Intervenors"), motion to intervene pursuant to Fed. R. Civ. P. 24. (Doc. 46) For the reasons that follow, the court will **GRANT** the motion.

## I. Relevant Background

On May 2, 2019, plaintiff, Carmen Ciotola, filed a complaint against Ball Metal Beverage Container Corp., Quarterback Transportation USA Inc., and Star Transportation & Trucking LLC for personal injuries sustained from a motor vehicle accident that occurred on November 12, 2018. (Doc. 1).

After the accident, plaintiff began receiving workers' compensation benefits under Section 319 of the Pennsylvania Workers' Compensation Act. The benefits were paid to plaintiff by intervenors since his injuries were work-related. To date, the plaintiff is still receiving workers' compensation benefits in the form of indemnity, wage loss benefits and medical compensation benefits. Plaintiff receives weekly workers' compensation benefits in the amount of $731.95.

On December 17, 2019, intervenors filed a motion to intervene, (Doc. 46), in plaintiff's instant action and a brief in support, (Doc. 51), was filed on December 27, 2019.[1]

---

[1] While intervenors' state in their motion that they attempted to assert their subrogation rights however plaintiff never responded to their demands for protection of those rights. Additionally, counsel is advised that a certificate of concurrence/nonconcurrence is required with any motion filed, pursuant to M.D. Pa. L.R. 7.1.

Nevertheless, to date, no party has filed a brief in opposition to intervenors' motion and the time within which to do so has expired. Therefore, intervenors' motion to intervene in plaintiff's personal injury litigation is deemed unopposed by any party and the court will grant the motion since intervention is warranted. *See* Local Rule 7.6, M.D. Pa.

**II.     Discussion**

The Federal Rules of Civil Procedure provides, "on timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Rule 24 authorizes a party to intervene as of right if the movant can establish: (1) a timely application for leave to intervene has been filed; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citation omitted). The movant's failure to

establish any factor is fatal. *Id. See also U.S v. Territory of Virgin Islands,* 748 F.3d 514, 519 (3d Cir. 2014). ("Although these requirements are intertwined, each must be met to intervene as of right.") (citations omitted). (Further, "[i]ntervention as a matter of right presents a situation where '[t]he facts assume overwhelming importance in [the] decision.'" *Id.* (citation omitted).

As discussed below, the court finds that intervenors satisfy all of the requirements to intervene as of right under Rule 24(a)(2) in this case.[2]

The Third Circuit has held that timeliness of a motion to intervene "is determined by the totality of the circumstances" which requires analysis of the following three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay*." In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005).

Intervenors' motion to intervene was filed on December 17, 2019, three days prior to the deadline for amended pleadings set by the scheduling order dated November 05, 2019. (Doc. 43). Intervenors' brief in support of their motion was then filed over three months before the deadline for fact

---

[2] Since the court finds that intervenor can intervene as of right under *Rule 24 (a)(2),* it does not address Defendants/Intervenors' alternative request for permissive intervention, pursuant to *Fed. R. Civ. P. 24(b).*

- 4 -

discovery. This is clearly in the early stages of litigation and no prejudice will result from intervention.

Next, intervenors satisfy the sufficiency of interest element because they have a cognizable legal interest in their right to subrogation "where compensable injury is caused in whole or in part by the act or omission of a third party." 77 P.S. §671. Such interest is "significantly protectable." See *Harris v. Pernsely*, 820 F.2d 592, 601 (3d Cir. 1987), cert. denied, 474 U.S. 965 (1985); *Liberty Mut. Ins. Co. v. Treesdale*, Inc., 419 F.3d at 220-21.

The Supreme Court of Pennsylvania has identified "three underlying purposes for the Section 319 right to subrogation: (1) to prevent the employee from receiving a 'double recovery' for the same injury; (2) to ensure that the employer is not compelled to pay compensation due to the wrongful act of a third party; and (3) to prevent a third party from escaping liability for its wrongful conduct." *Dale Mfg. Co. v. Bressi*, 421 A.2d 653, 654 (Pa. 1980).

The Supreme Court of Pennsylvania has also explained that "the statutory right to subrogation is 'absolute and can be abrogated only by choice.'" *Brubacher Excavating, Inc. v. Worker's Comp. Appeal Bd.*, 835 A.2d 1273, 1275 (Pa 2003). The court continues, "[t]his is so because the statute granting subrogation 'clearly and unambiguously' provides that the

employer 'shall be subrogated' to the employee's right of recovery." *Id.* at 1275-76. The court concluded, "the importance and strength of subrogation in our system of workers' compensation cannot be understated." *Id.*

Given the importance of the right of subrogation in Pennsylvania workers' compensation law, undoubtedly, intervenors' right of subrogation is significantly protectable. *See Simmons v. Paran Management Co., Ltd.*, 2011 WL 2970969, *2 (M.D. Pa. July 20, 2011) (court allowed company that was paying workers' compensation benefits to plaintiff after he was injured on his job to intervene finding it had a sufficient interest related to plaintiff's personal injury action since under Pennsylvania law, "an employer is given a subrogation right for its payment of workers' compensation where its employee's injuries are the result of a third party." (citing 77 Pa.Cons.Stat. §671).

"Once an applicant for intervention has established that [it] possesses a sufficient legal interest in the underlying dispute, the applicant must also show that this claim is in jeopardy in the lawsuit." *Brody v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992) "Under this element of the test, [intervenors] must demonstrate that [their] legal interests 'may be affected or impaired, as a practical matter by the disposition of the action.'" *Id.* (citation omitted). "In making this determination [the court] [is] required to assess 'the practical

consequences of the litigation,' and 'may consider any significant legal effect on the applicant's interest.'" *Id.* (citation omitted). Further, "[i]t is not sufficient that the claim be incidentally affected; rather, there must be 'a tangible threat to the applicant's legal interest. *Id.* at 1123 (citation omitted).

Based on the above discussion, the court finds that intervenors have a legal interest in this case, and there is a threat to that legal interest. As mentioned, intervenors state in their motion that their attempts to contact plaintiff to protect their rights of subrogation have been unsuccessful.

Turning to the final factor of the Rule 24 analysis, intervenors must demonstrate "that [their] interest in not adequately represented by the existing parties. *Id.* Inadequate representation can be based upon the following: "(1) that although the applicant's interest are similar to those of the party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *Id.*

While intervenors' interests are similar to plaintiff's, intervenors seek to ensure repayment of workers' compensation benefits they have already paid to plaintiff. Pursuant to the statute, this repayment must occur before the plaintiff recovers any damages from his personal injury litigation. *77 P.S.*

*§671*. This is to guarantee that plaintiff does not receive double recovery for his medical bills and loss wages and, also to make sure that the employer is not held responsible for the actions of a third party. *See* Dale Mfg. Co., 421 A.2d at 654. The interest of intervenors is sufficiently distinct from plaintiff's since plaintiff will not be able to ensure proper attention is given to the repayment of workers' compensation benefits. *See* Simmons, 2011 WL 2970969, *3. Further, while plaintiff seeks damages for loss of wages and medical expenses, he also seeks additional damages in his personal injury litigation.

### III. Conclusion

For the foregoing reasons, intervenors' motion to intervene, (Doc. 46), will be **GRANTED**. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 28, 2020**
19-753-01.docx