**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMEN CIOTOLA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-753 |
| v. | : | (JUDGE MANNION) |
| STAR TRANSPORTATION & TRUCKING, LLC, | : | |
| And, | : | |
| QUARTERBACK TRANSPORTATION, USA INC., | : | |
| And, | : | |
| BALL METAL BEVERAGE CONTAINER CORP. | : | |
| Defendants, | : | |
| And, | : | |
| OLDCASTLE, INC. LIBERTY MUTUAL CORPORATION, | : | |
| DEFENDANT/ INTERVENORS | : | |

**MEMORANDUM**

Pending before the court is defendant Ball Metal Beverage Container Corp.'s ("Ball Metal") motion for leave of court, (Doc. 89), to amend its answer to the plaintiff's second amended complaint ("SAC"), (Doc. 25), to assert the cross-claims for contribution and indemnity against co-defendants

Star Transportation & Trucking LLC ("Star") and Quarterback Transportation, Inc. ("Quarterback") that were contained in its answer to plaintiff's first amended complaint. Quarterback concurred in the motion. Star did not concur in the motion and filed a brief in opposition to Ball Metal's motion. Although plaintiff did not concur in the motion, he did not file a brief in opposition to it and, thus is deemed as not opposing it under Local Rule 7.6, M.D.Pa.

For the reasons that follow, the court will **DENY** Ball Metal's motion, (Doc. 89), and not allow it to amend its answer to plaintiff's SAC to include its cross-claims against its co-defendants.

## I.   PROCEDURAL BACKGROUND[1]

On May 2, 2019, plaintiff, Carmen Ciotola, initiated this action by filing a complaint against Ball Metal, Quarterback, and Star for personal injuries

---

[1]Also pending are the cross-motions for summary judgment of Quarterback, (Doc. 69), and the plaintiff, (Doc. 75). Further, pending are the motions summary judgment of Quarterback with respect to its claims asserted against Star in its third party complaint, (Doc. 67), of Ball Metal with respect to plaintiff's claims against it in his SAC, (Doc. 71), and of Star with respect to the claims asserted against it in Quarterback's third party complaint, (Doc. 73). The court only states the background relevant to Ball Metal's motion to amend its answer, (Doc. 89), to plaintiff's SAC.
The court will decide the other pending motions in separate opinions.

sustained from a motor vehicle accident that occurred on November 12, 2018. (Doc. 1). Plaintiff filed an amended complaint against Star, Quarterback, and Ball Metal on July 12, 2019, (Doc. 8), seeking damages caused by the accident. Ball Metal filed its answer on August 2, 2019, (Doc. 11), and included cross-claims against its co-defendants, Star and Quarterback for contribution and indemnity. In its cross-claim against Quarterback, Ball Metal reserved the right to seek contractual defense and indemnity from Quarterback pursuant to the terms of the Shipper/Broker Transportation Agreement between Ball Metal and Quarterback Transportation.

Plaintiff then filed SAC against Ball Metal and Quarterback on September 27, 2019. (Doc. 25). Plaintiff originally named Star as a defendant in this case, however, plaintiff settled his claims against Star and dismissed all of his claims against it on September 25, 2019, pursuant to a Joint Tortfeasor Release Agreement. As such, plaintiff did not name Star as a defendant in his SAC. On October 7, 2019, Quarterback filed a Third Party Complaint against Star based on its liability for the November 12, 2018 accident. (Doc. 28).

Ball Metal filed its answer to plaintiff's SAC on October 22, 2019. (Doc. 39). However, Ball Metal did not include its cross-claims for contribution and

indemnity against Quarterback and Star that it raised in its answer to plaintiff's first amended complaint.

On May 21, 2020, Ball Metal filed its motion to amend its answer to plaintiff's SAC to include its cross-claims for contribution and indemnity against co-defendants Star and Quarterback that were contained in its answer to plaintiff's first amended complaint, (Doc. 89). Star filed its brief in opposition to Ball Metal's motion on June 3, 2020, with attached Exhibits. (Doc. 90). Ball Metal filed its brief in support of its motion with Exhibits on June 4, 2020. (Doc. 91).

**II.    FACTUAL BACKGROUND**

On November 12, 2018, Ronald Hataway was driving a 2009 Volvo commercial tractor trailer on Interstate 81 in Luzerne County, PA, within the scope of his contractor relationship with Star. Hataway was provided the tractor trailer he drove by Star, and Star had leased it. Star was hired as a motor carrier by Quarterback. While Hataway was driving in the southbound lane, he collided into the rear end of a 2004 Ford Ranger pick-up driven by plaintiff causing him injuries. When the accident occurred, Hataway was transporting a load of aluminum cans used for beverages from the shipper, Ball Metal. The load Hataway was transporting was brokered by Quarterback

pursuant to Agreements it had with Ball Metal and Star. In addition to suing Star and Ball Metal for the injuries he sustained in the accident, plaintiff sued Quarterback, which had arranged for the transportation of the load of aluminum cans from Ball Metal's plant in Wallkill, New York, to Missouri.

The police report indicated that Hataway took his eyes off the road and crashed into plaintiff's pick-up truck at a high rate of speed, which then caused his pick-up to crash into the vehicle in front of it. The police cited Hataway with three violations regarding the collision.

On September 24, 2018, Hataway plead guilty to "Possession of Alcohol Beverage in a [commercial motor vehicle]" regarding the accident with plaintiff. Hataway is not a named defendant in this case.

## III. DISCUSSION

Ball Metal contends that its proposed cross-claims against Quarterback and Star "will not prejudice either plaintiff or Star, because the right to contribution or indemnity exists independent of cross-claims, but the inclusion of cross-claims makes the resolution of such claims more efficient for all concerned."

In its opposition brief, Star points out that Ball Metal did not amend its answer within the time period set by the court in its November 5, 2019

Scheduling Order, (Doc. 43), which adopted the parties' October 18, 2019 Joint Case Management Plan ("JCMP"), (Doc. 35). Rather, star indicates that Ball Metal waited five months after the deadline to amend pleadings (December 20, 2019) despite the fact that Ball Metal was well aware of its cross-claims before plaintiff filed his SAC. Star contends that it will now be prejudiced if Ball Metal is allowed to amend its answer since the discovery deadline has passed as well as all of the other case management deadlines and, thus it will now be prevented from developing a defense to Ball Metal's cross-claims. Star also states that it was not able to file a motion for summary judgment with respect to Ball Metal's proposed cross-claims.

As the court stated in Veneziale v. Quest Diagnostics, 2013 WL 4551178, *1 (E.D.Pa. Aug. 28, 2013), under Fed.R.Civ.P. 15(a):

> A party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a). The Rule clearly states that "[t]he court should freely give leave when justice so requires." *Id.* Nonetheless, the policy favoring liberal amendments is not "unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Waterfront Renaissance Assoc. v. Phila., 701 F.Supp.2d 633, 639 (E.D.Pa. 2010). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman, 371 U.S. at 182).

Initially, there is no doubt that Ball Metal did not timely seek to amend its answer to plaintiff's SAC and waited five months after the deadline passed to file its motion. Star contends that this delay has greatly prejudiced it since there was no reason for Ball Metal to have waited so long because it knew of its proposed cross-claims well before it filed its instant motion and because "Ball chose to wait until the expiration of all case management deadlines, after all parties had filed motions for summary judgment and served their expert reports, to seek leave to file its crossclaim." Star also contends that "[b]y failing to amend prior to the agreed upon and Court imposed deadline, Ball lulled Star into believing it had abandoned its crossclaim and denied Star the opportunity to conduct discovery on Ball's crossclaim and prevented Star from filing a motion for summary judgment with respect to such claim", and that "[t]his denial is clearly prejudicial to Star, who had no opportunity to conduct discovery on Ball's crossclaim, present expert opinion on Ball's crossclaim, or seek summary judgment against Ball's crossclaim…."

Additionally, Star argues that Ball Metal's proposed amendment would be futile since its cross-claims are premature and that no right of indemnification has arisen yet since "Ball has not paid any damages to Plaintiff." Star also argues that Ball Metal's claim for contribution is premature

since "Ball has not yet been determined to be a joint tortfeasor with Star and, [], has not paid any judgment."

Ball Metal explains that it did not include its cross-claims in its answer to plaintiff's SAC since its "counsel believed the cross-claims, once stated, would survive", but "now understands that [its] cross-claims may have been superseded by [its] filing of [its] answer to [plaintiff's SAC]." As such, it states that it had no intent to prejudice Star or put it at a disadvantage. Ball Metal also points out that Star is still a party in this case since it was not dismissed by leave of court or by consent of the parties when plaintiff filed his SAC, and that it is a third-party defendant in Quarterback's third-party complaint. In fact, Ball Metal states that Star's owner, Almir Muharemovic, "admitted in his deposition that he was aware there were still claims pending against Star Transportation and Star Transportation could still be found negligent." (citing to Ex. A, Doc. 91-1).

Ball Metal also explains that "[u]nder Pennsylvania's Fair Share Act, 42 Pa.C.S.A. §7102, a tortfeasor is liable only for his allocated share of liability, unless his share of liability is 60% or more of the total", and "[s]ince it was Star Transportation's driver that caused the accident, if Star is found less than 60% liable, then it is probable that no defendant's liability will

exceed 60% and there will be no joint and several liability, and therefore no right of contribution."

Finally, Ball Metal contends that "[t]he right to contribution or indemnity exists independent of the cross-claims, but the inclusion of the cross-claims in this matter would make the resolution of such claims more efficient for all concerned."

Ball Metal did not seek to amend its answer to plaintiff's SAC in a timely manner, but "[i]n the Third Circuit, delay alone does not justify denying a motion to amend." Veneziale, 2013 WL 4551178, *2 (citations omitted). "Rather, it is only where delay becomes 'undue,' placing an unwarranted burden on the court, or ... 'prejudicial,' placing an unfair burden on the opposing party that denial of a motion to amend is appropriate." Id. (citations omitted).

In Veneziale, 2013 WL 4551178, *2, the court then stated:

As such, the question of undue delay requires the court to focus on the movant's reasons for not amending sooner, while "bearing in mind the liberal pleading philosophy of the federal rules." Cureton, 252 F.3d at 273; see also Lindquist v. Buckingham Twp., 106 F. App'x 768, 775 (3d Cir. 2004) (noting that the question of undue delay, as well as the question of bad faith, requires that the court focus on the plaintiff's motives for not amending their complaint to assert this claim earlier). "Tactical decisions and dilatory motives may lead to a finding of undue delay." Leary v. Nwosu, No. Civ.A.05–5769, 2007 WL 2892641, at *4 (E.D.Pa. Oct. 2, 2007); see also Cureton, 252 F.3d at 271–74 (finding undue delay where plaintiffs made a tactical decision not to seek leave

to amend until after they lost first argument on summary judgment). Notably, "[t]here is no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" Arthur v. Maersk, Inc., 434 F.3d 196, 205 (3d Cir. 2006). Rather, "[w]hether delay is undue depends on the facts and circumstances of the case." Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc., No. Civ.A.05–0033, 2006 WL 1289545, at *4 (M.D.Pa. May 9, 2006). Ultimately, "the obligation of the district court in its disposition of the motion is to articulate the imposition or prejudice caused by the delay, and to balance those concerns against the movant's reasons for delay." Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir. 1988).

In balancing the reasons why Ball Metal delayed in the filing of its motion to amend its answer with the prejudice caused by the delay, the court finds that the reasons for the delay are outweighed by the prejudice to Star. The time to file dispositive motions has passed almost three months ago and several motions were filed as noted above. Thus, Star did not have the opportunity to conduct any discovery or file any motion regarding Ball Metal's cross-claims against it. This court will not re-open the discovery period and the time to file dispositive motions in this case originally filed over 13 months ago.

Additionally, as Ball Metal points out, it can still seek contribution and indemnity against Star and Quarterback regardless of its proposed cross-claims, under Pennsylvania law, if appropriate at the proper time. In fact, in the JCMP provided that "Ball Metal reserves the right to join Star

Transportation on a claim for contribution or indemnity." (Doc. 35 at 4). Thus, any prejudice to Ball Metal is minimal.

"While parties should freely be given leave to amend when justice so requires, that freedom is not limitless", Veneziale, 2013 WL 4551178, *5, and since Ball Metal filed its motion for leave to amend in an untimely fashion, and if granted, will prejudice Star's ability to defend against the proposed cross-claims, its motion will be denied.

### IV. CONCLUSION

For the forgoing reasons, the court will **DENY** Ball Metal's motion for leave of court to amend its answer to plaintiff's SAC to include its cross-claims against Quarterback and Star, **(Doc. 89)**. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 2, 2020**
19-753-04